IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity,<br><br>          Plaintiff,<br><br>v.<br><br>United States Environmental Protection Agency,<br><br>          Defendant. | No. CV-25-00341-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for a Stay of Case in Light of Lapse of Appropriations ("the Motion") (Doc. 15). In the Motion, Defendant's attorney requests that this litigation be stayed due to a lapse in appropriations. (*Id.* at 1.) The Motion states that absent an appropriation, Defendant's attorney is prohibited from working, even on a voluntary basis, except in very limited circumstances. (*Id.*) Defendant avers that counsel for Plaintiffs consents to the requested stay. (*Id.* at 2.)

The Antideficiency Act provides: "An officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Some courts have found that "labor by government counsel not otherwise 'authorized by law' nevertheless is authorized" for purposes of the Antideficiency Act "when counsel is ordered by a federal court to comply with its scheduling deadlines." *Lehman v. U.S. Dept. of Lab.*, No. 25-11846, 2025 WL 2808472, at *1 (E.D. Mich. Oct. 2,

2025); *see also In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2025 WL 2827029, at *2 (E.D.N.C. Oct. 6, 2025) (same); *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 912 F.3d 641, 641 (D.C. Cir. 2019) (Katsas, J., concurring) (same). Indeed, the Department of Justice has adopted this view. The Department's FY 2026 Contingency Plan states that, in the event of a lapse in appropriations, lawyers in civil cases will seek postponement of the litigation "until funding is available," but that "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."[1]

Given the caselaw and Department of Justice guidelines discussed above, the Court does not find that Defendants have established good cause to stay proceedings in the above-captioned case.[2]

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for a Stay of Case in Light of Lapse of Appropriations (Doc. 15) is **denied**.

**IT IS FURTHER ORDERED** that within **thirty (30)** days of the date this Order is filed, the parties shall file a joint proposed scheduling order setting forth proposed deadlines for filing dispositive motions. All other provisions of the Court's August 29, 2025 Order remain in full force and effect.

Dated this 17th day of October, 2025.

_____
Honorable Rosemary Márquez
United States District Judge

---

[1] *See* https://www.justice.gov/jmd/media/1377216/dl (last visited Oct. 14, 2025); Perma Link at https://perma.cc/6HVW-NXNE

[2] The Court notes that the parties may request extensions of deadlines pursuant to Local Rule of Civil Procedure 7.3. In any request for an extension of deadlines, the parties must demonstrate that good cause exists for the requested extension. Additionally, the parties must either state the number of days that they request a deadline be extended by, state a proposed new deadline, or both.